# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1004V
Filed: July 30, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| IRWIN REICH,           * | |
|                        * | Special Master Hamilton-Fieldman |
| Petitioner,   * | |
|                        * | |
| v.                     * | Petitioner's Motion for Dismissal |
|                        * | Decision; Influenza ("Flu") |
| SECRETARY OF HEALTH    * | Vaccination; Guillain Barré |
| AND HUMAN SERVICES,    * | Syndrome. |
|                        * | |
| Respondent.   * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Nora Constance Marino</u>, Nora Constance Marino, Esq., Great Neck, NY, for Petitioner
<u>Adriana Teitel</u>, United States Department of Justice, Washington, DC, for Respondent.

**DECISION**[1]

On October 16, 2014, Irwin Reich ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et</u> <u>seq.</u> (2006) ("Vaccine Act"). Petitioner alleged that an Influenza ("flu") vaccine[2] administered on October 25, 2012 caused him to suffer from Guillain Barré Syndrome. Petition ("Pet.") at 1-3. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On July 29, 2015, Petitioner filed a Motion for Dismissal. According to the Motion, "[a]n investigation of the facts and law regarding this matter has demonstrated that with respect to the standards set forth herein, it will be difficult for petitioner to prove that he is entitled to compensation pursuant to the requirements of the Vaccine Program. Under these circumstances,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Petitioner also alleged that a Shingle[s] vaccination caused his injury. This is not a covered vaccine under the Vaccine Act. 42 C.F.R. § 100.3(a).

it would be unreasonable to proceed in this Court." Motion, at 1-2. Petitioner further states that he understands that a dismissal decision will result in a judgment against him, and that such a judgment will end all of his rights in the Vaccine Program.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that he suffered a "Table Injury." Further, the record does not contain a medical expert's opinion[3] or any other persuasive evidence indicating that his injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support. Although an expert's opinion was offered in this case, it did not support causation. See Pet. Ex. 6.

Therefore, the only alternative remains to DENY this petition. **Thus, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Petitioner filed an expert report on July 16, 2015; however, Petitioner's expert did not opine in favor of causation. Pet. Ex. 6, ECF No. 23.